IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIELLE RATTI, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>HERSCHEND FAMILY ENTERTAINMENT CORPORATION,<br><br>*Defendant.* | Case No. |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b), Defendant Herschend Family Entertainment Corporation ("Herschend") hereby removes to this Court the action captioned as *Danielle Ratti v. Herschend Family Entertainment Corporation*, Case No. GD 26-008315 on the docket of the Court of Common Pleas of Allegheny County, Pennsylvania (the "State Action"). Herschend removes this action to the United States District Court for the Western District of Pennsylvania because the State Action was pending in the Court of Common Pleas of Allegheny County, Pennsylvania, which is located in the Western District of Pennsylvania.

In support of the Notice of Removal, Herschend respectfully alleges:

1. On or about August 19, 2026, Plaintiff Danielle Ratti ("Ratti" or "Plaintiff") commenced the State Action by filing the Complaint in the State Action. A true and correct copy of the Complaint, including exhibits/attachments, filed in the State Action is attached as Exhibit "1" hereto.

2. The Notice to Defend and Complaint were served on Herschend on August 26, 2026 by hand delivery. Although the complaint itself does not establish the amount in

controversy, *see McLaren v. UPS Store Inc.*, 32 F.4th 232, 236-41 (3d Cir. 2022), this Notice of Removal is filed within 30 days of service of process. True and correct copies of the of the Affidavit of Service of Original Process filed by Plaintiff in the State Action are attached as Exhibit "2" hereto.

3. This Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C § 1332(d), because this lawsuit is a "class action," as defined by CAFA, in which there is minimal diversity of citizenship, and the amount in controversy exceeds $5 million, as explained further below. This Court also has jurisdiction under 28 U.S.C. § 1453(b) because this lawsuit is a "class action" as defined by CAFA.

## PARTIES

4. Plaintiff Ratti is, and at all relevant times was, a natural person who is a citizen of Pennsylvania. Compl. ¶ 5.

5. Defendant Herschend is, and at all relevant times was, a corporation organized under the laws of Missouri, with its principal place of business in Georgia. Compl. ¶ 6.

## PLAINTIFF'S ALLEGATIONS[1]

6. Plaintiff filed this case as a putative class action. Compl. ¶¶ 30-38.

7. Plaintiff alleges that Herschend owns the Kennywood Park amusement park in West Mifflin, Pennsylvania. Compl. ¶ 2. Plaintiff alleges that Herschend "deceives Kennywood's online ticket-purchasers . . . by forcing them to pay surprise fees in addition to the advertised prices of admission." Compl. ¶ 3. She alleges that when consumers make online ticket purchases to Kennywood over the internet, Herschend imposes "a surprise $2.50 fee, which

[1] Herschend does not admit the underlying facts as alleged by Plaintiff or as summarized herein. Herschend expressly denies any liability to Plaintiff or the putative class. Herschend reserves it rights to challenge the legal sufficiency of the allegations in the Complaint. This notice is being filed for purposes of establishing jurisdiction only and does not constitute an admission of liability.

Herschend unilaterally and automatically adds at the end of the online transaction." Compl. ¶¶ 17-23. Plaintiff alleges that "[t]o allow Herschend to retain the benefit(s) conferred on it by payment of the surreptitious fee would be, inter alia, unjust, unfair, and inequitable." Compl. ¶ 4.

8. In Count I of the Complaint, Plaintiff asserts a claim for unjust enrichment. Compl. ¶¶ 39-46.

9. In Count II of the Complaint, Plaintiff asserts a claim for money had and received. Compl. ¶¶ 47-54.

10. Against Herschend, Plaintiff demands an order certifying the action as a class action, appointing Plaintiff as class representative for the putative class, and appointing her counsel to represent the putative class; an award of actual damages; an award of nominal damages (in the alternative); an award, the return or refund, or restitution of all monies acquired by Defendant by means of any and all allegedly illegal, improper, wrongful, unjust, and/or inequitable practice(s), act(s), omission(s), and/or conduct involving the end-of-transaction fee; disgorgement of all amounts allegedly illegally, improperly, wrongfully, and/or unjustly charged, collected, received, obtained, maintained, or held by Defendant relating to the end-of-transaction fee; and award of reasonable attorneys' fees and costs; an award of pre- and post-judgment interest; injunctive relief prohibiting Herschend from imposing, charging, and/or collecting the end-of-transaction fee and directing Herschend to disgorge and/or return to its customers all such fees it has already collected; and such other and further relief as the Court may deem proper. Compl., Prayer for Relief.

## JURISDICTION UNDER CAFA

11. Removal is proper under CAFA, 28 U.S.C. § 1332(d)(2), where, as here, a putative class action involves minimal diversity of citizenship and an aggregate amount in

controversy exceeding $5 million. Removal is also proper under 28 U.S.C. § 1453(b) because this lawsuit is "class action" as defined by CAFA.

12. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a "class action" under CAFA because it was brought under a state statute or rule, Pa. R. Civ. P. 1702, 1708, and 1709 authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); Compl. ¶¶ 30-38.

**Minimal Diversity**

13. This case satisfies the minimal diversity requirement of CAFA because at least one member of the putative class is a citizen of a state different from at least one defendant. *See* 28 U.S.C. § 1332(d)(2)(A). The named Plaintiff is an individual who is a citizen of Pennsylvania. Compl. ¶ 5. Defendant Herschend is a citizen of Missouri and Georgia because it is a corporation organized under Missouri law with a principal place of business in Georgia. Compl. ¶ 6.

**Amount in Controversy**

14. This case satisfies CAFA's amount in controversy requirement because the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). CAFA provides that "the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). As the Supreme Court has explained, "the statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the plaintiff's] proposed class and determine [sic] whether the resulting sum exceeds $5 million. If so, there is jurisdiction and the court may proceed with the case." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

15. The Supreme Court has further explained that "no antiremoval presumption attends cases involving CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy the statutory requirements for removal, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.*

16. Plaintiff seeks to represent a class consisting of "All Pennsylvania citizens who, within the relevant statute of limitations, purchased online a ticket(s) to Kennywood and were charged a 'Fee' by Defendant in addition to the advertised admission price." Compl. ¶ 31. The statute of limitations for a claim for unjust enrichment is 4 years. *Sevast v. Kakouras*, 915 A.2d 1147, 1153 (Pa. 2007). Records available to Herschend reflect that approximately $4.4 million in fees for online ticket purchases to Kennywood were charged in the 4 years prior to the filing of the Complaint. These records further reflect that approximately 770,007 online ticket orders were placed for Kennywood during that time period.

17. The data described in the preceding paragraph thus reveals that the amount of ticketing fees charged for online ticket purchases for Kennywood averages over $1.1 million per year. Plaintiff seeks to require Herschend to refund the entire approximately $4.4 million in fees already collected. Additionally, Plaintiff seeks an injunction that would permanently preclude charging such fees in the future. The value of such a permanent injunction would be over $1.1 million per year. Accordingly, the value of the monetary damages and injunctive relief sought combined exceeds $5 million. *See Excel Pharmacy Servs., LLC v. Liberty Mut. Ins. Co.*, 825 F. App'x 65, 68 (3d Cir. 2020) ("courts must put a value on the relief sought when deciding whether the $5 million amount-in-controversy requirement is satisfied" and collecting cases assessing

potential harm in determining value of injunctive relief); *Lenell v. Advanced Min. Tech., Inc.*, No. 14-CV-01924, 2014 WL 7008609, at *3 (E.D. Pa. Dec. 11, 2014) ("The value of injunctive relief is also calculated into the amount in controversy, 'measured by the value of the right sought to be protected by the equitable relief.'").

**Exceptions to CAFA Jurisdiction**

18. None of the exceptions to CAFA jurisdiction applies. Herschend is not a citizen of the state where the action was filed (i.e., Pennsylvania). Accordingly, 28 U.S.C. §§ 1332(d)(3) and (d)(4) do not apply. Section 1332(d)(5)(A) does not apply because Herschend is not a State, State official, or other governmental entity against whom the Court may be foreclosed from ordering relief. Section 1332(d)(5)(B) does not apply because the number of members of all proposed plaintiff classes in the aggregate exceeds 100, as set forth above. Section 1332(d)(9) does not apply because Plaintiff's claims do not involve securities or the internal affairs or governance of a corporation or other form of business enterprise. Accordingly, this Court has original jurisdiction under CAFA.

**REMOVAL PROCEDURE**

19. A copy of this Notice of Removal is being served upon all known counsel of record, along with a copy of the Notice to the Clerk of Court for the Western District of Pennsylvania because the State Action was pending in Court of Common Pleas of Allegheny County, Pennsylvania, which is being filed simultaneously in that court.

20. Pursuant to 28 U.S.C. § 1447(b), true and correct copies of all other notices, processes, and proceedings served on Herschend, or served and/or filed by Herschend in the State Action, which consist of the Praecipe for Entry of Appearance of Mark Hamilton, Esq., are

attached as Exhibit "3" hereto. To the knowledge of Herschend, no hearings or proceedings have taken place in the State Action.

**WHEREFORE,** Herschend hereby provides notice that this action is duly removed to this Court.

**DEFENDANT**
**HERSCHEND FAMILY**
**ENTERTAINMENT CORPORATION**

By ______________________________
Mark R. Hamilton (Pa. I.D. 29919)
SUMMERS, MCDONNELL,
HUDOCK, GUTHRIE & RAUCH, P.C.
811 Camp Horne Road, Suite 220
Pittsburgh, PA 15237
Telephone: (412) 261-3232
mhamilton@summersmcdonnell.com

Wystan M. Ackerman (*pro hac vice* application forthcoming)
Kevin P. Daly (*pro hac vice* application forthcoming)
ROBINSON & COLE LLP
One State Street
Hartford, CT 06103
Telephone: (860) 275-8200
wackerman@rc.com; kdaly@rc.com

**CERTIFICATE OF SERVICE**

This is to certify that on September 24, 2026, a true and correct copy of the within Notice of Removal was filed with the Court via CM/ECF system, which will automatically send notice to all counsel of record.

SUMMERS, MCDONNELL, HUDOCK,
GUTHRIE & RAUCH, P.C.

By: ______________________________
Mark R. Hamilton, Esquire
*Counsel for Defendant, Herschend Family Entertainment Corporation*